UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
Western Division

---

FRED J. VANNUCCI, IV                )
                                    )
        Plaintiff,                 )
v.                                  )
                                    )
BRACHFELD LAW GROUP, P.C.,          )    **Civil Case No.:**
                                    )
and                                 )    _____
                                    )
LVNV FUNDING, LLC.                  )
                                    )    Jury Trial Demanded
                                    )
        Defendants.                )

---

# COMPLAINT

---

COMES NOW the Plaintiff, Fred J. Vannucci, IV, (hereafter, "Vannucci" or "Plaintiff"), by counsel, and as for his Complaint against the Defendants, he alleges as follows:

1. This is an action for actual and statutory damages, costs, and attorney's fees brought pursuant to 15 U.S.C. § 1692 et seq. (the Federal Fair Debt Collection Practices Act or "FDCPA") and arising from Defendants' unlawful attempts to collect a debt allegedly owed by Plaintiff. Defendants Brachfeld Law Group, P.C. and LVNV Funding, LLC, a debt collection law firm and a debt collection company, engaged in numerous violations of federal law in that they attempted to collect a debt from a consumer they knew to be represented by an attorney, attempted to collect a debt after failing to provide the requested validation of the debt to the consumer, and attempted to collect a debt not permitted by law

all in violation of the FDCPA. Additionally, the Defendants violated Cal. Civ. Code §§ 1788–1788.33 (the "Rosenthal Fair Debt Collection Practices Act") in that they communicated with the Plaintiff after being notified by Plaintiff's attorney in writing that he was represented by such attorney.

JURISDICTION

2.      Jurisdiction is proper pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1367.

**PARTIES**

3.      Plaintiff is a natural person and at all times relevant hereto was a "consumer" as defined and governed by the FDCPA. At all times that are relevant to this matter the Plaintiff resided in Memphis, Shelby County, Tennessee.

4.      Defendant Brachfeld Law Group, P.C., (hereafter, "Brachfeld") is a law firm, the principal purpose of whose business is the collection of debts with offices located in Texas, Ohio, and California.  Defendant Brachfeld also does business as Erica L. Brachfeld, P.C and, prior to October 2009, operated as Brachfeld & Associates, P.C. Defendant Brachfeld may be served through its registered agent for service of process in Tennessee, namely Corporation Service Company, 2908 Poston Ave., Nashville, TN 37203.

5.      Defendant LVNV Funding, LLC, (hereafter, "LVNV") is a limited liability company organized under the laws of the State of Delaware.  LVNV is an international and domestic debt purchaser and buys stale consumer debts from creditors, finance companies, banks, and other debt collectors. LVNV then outsources the actual collection effort to a variety of collection agencies, including Defendant Brachfeld. Defendant LVNV may be served with process through The Corporation Trust Company, 1209 Orange Street, New Castle,

Delaware 19801.

6.     Defendants regularly collect debts owed or due another or alleged to be owed or due another, and each is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

7.     In August 2007, Defendants Brachfeld and LVNV had attempted to collect from Plaintiff an alleged debt originating from a consumer credit account with CitiFinancial, Inc. Plaintiff's credit account that allegedly underlies the attempted debt collection was incurred for personal, family and/or household uses.

8.     In a letter dated September 29, 2007, Plaintiff's attorney informed Defendants that Plaintiff was represented by counsel and demanded that any further communication regarding this account be directed to Plaintiff's attorney, rather than to Plaintiff.

9.     This letter additionally stated that Plaintiff was already in contact with another debt collection agency to which he was making payments and that he did not want to communicate at all with Defendant Brachfeld regarding the debt.

10.    Plaintiff's attorney further disputed the amount of the debt Defendants claimed was due and requested, in writing, that Defendants provide validation of the alleged debt to be sent to Plaintiff's attorney.  However, Defendants never provided the requested validation to Plaintiff or to his attorney.

11.    On December 4, 2007, after having been contacted again by Defendant Brachfeld, Plaintiff sent a second letter in which he repeated his demand for validation of the debt and again provided notification that he was represented by an attorney and did not want to be

contacted by Defendants regarding the debt other than such validation.

12.     In April 2008, Plaintiff filed a lawsuit against Defendant Brachfeld for violations of the FDCPA in connection with the attempted collection of this debt, which was ultimately dismissed after the parties settled the suit and Plaintiff signed a release of claim in favor of Erica L. Brachfeld, P.C. and its agents, subsidiaries, and/or affiliates.

13.     However, on May 28, 2011 and September 20, 2011, Defendants once again attempted to collect the same alleged debt through letters sent directly to the Plaintiff.

14.     The Defendants assigned a new internal reference number to the alleged debt, but the underlying account with CitiFinancial, Inc. remains the same.

15.     No validation of the alleged debt was ever provided to Plaintiff before the Defendants attempted to collect this debt again, nor was the collection letter sent to Plaintiff's attorney as required.

16.     Upon information and belief, neither Defendant Brachfeld nor Defendant LVNV is licensed to collect debts from consumers in the State of Tennessee as required by Tennessee state law.

17.     Defendants therefore attempted to collect this debt in violation of federal law as well as the laws of the states of Tennessee and California.

## COUNT ONE:
## VIOLATION OF 15 U.S.C. § 1692c(a)(2)

18.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

19.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §

1692c(a)(2) by their actions, which include, but are not limited to, communicating with a consumer in connection with the collection of a debt when Defendants knew that the consumer was represented by an attorney and knew the attorney's name and address.

20. As a result, Plaintiff is therefore entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against the Defendants pursuant to 15 U.S.C. § 1692k.

## COUNT TWO:
## VIOLATION OF 15 U.S.C. § 1692c(c)

21. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

22. The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(c) by their actions, which include, but are not limited to, communicating with a consumer after notification in writing that the consumer wished the Defendants cease further communication.

23. As a result, Plaintiff is therefore entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against the Defendants pursuant to 15 U.S.C. § 1692k.

## COUNT THREE:
## VIOLATION OF 15 U.S.C. § 1692f(1)

24. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

25. The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(1) by their actions, which include, but are not limited to, the attempted collection of

an amount not expressly authorized by the agreement creating the debt or permitted by law.

26.     As a result, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against the Defendants pursuant to 15 U.S.C. § 1692k.

## COUNT FOUR:
## VIOLATION OF 15 U.S.C. § 1692g(b)

27.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

28.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(b) by their actions, which include, but are not limited to, the attempted collection of a debt disputed in writing by the consumer during the thirty-day period described in § 1692g(a)(3) without first providing the requested validation of the debt.

29.     As a result, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against the Defendants pursuant to 15 U.S.C. § 1692k.

## COUNT FIVE:
## VIOLATION OF CAL. CIV. CODE §§ 1788–1788.33,
## THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

30.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

31.     The Defendants violated Cal. Civ. Code § 1788.14(c) by their actions which include, but are not limited to, initiating communications with the debtor with regard to the alleged debt when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt.

32.     The Defendants violated Cal. Civ. Code § 1788.17 by failing to comply with the provisions of 15 U.S.C. § 1692c, § 1692f, and § 1692g.

33.     As a result, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against the Defendant pursuant to Cal. Civ. Code § 1788.17 and § 1788.30.

WHEREFORE, your Plaintiff moves for actual and statutory damages, punitive damages, attorneys' fees, and costs pursuant to the Fair Debt Collection Practices Act and Cal. Civ. Code § 1788.17 and § 1788.30, and such other relief the Court deems just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED**.

Respectfully submitted,
FRED J. VANNUCCI, IV


By  s/ Bruce A. Ralston
            Of Counsel


BRUCE A. RALSTON, TN # 016260
Attorney for the Plaintiff
THE LAW OFFICE OF BRUCE A. RALSTON
2400 Poplar Ave.
Suite 200
Memphis, TN 38112
Tel:    (901) 543-5045
Fax:    (901) 432-5212
Attorney@BKMemphis.com